# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00671-STV

JEFFREY W. HOCKENSMITH, as personal representative of the
ESTATE OF JACQUELINE MARIE BICKFORD,

Plaintiff,

v.

JOHN MINOR,
ERIK J. BOURGERIE,
CHERYL GIORDANO,
GILBERT,
DANIELLE WOOD, and
JOHN AND JANE DOES 1-10,

Defendants.

## DEFENDANT DANIELLE WOOD'S MOTION TO DISMISS

Defendant Danielle Wood ("Ms. Wood"), by and through counsel Treece Alfrey Musat, P.C., hereby moves to dismiss the sole claim against him in this matter pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

### Certificate of Conferral

D.C.COLO.LCivR. 7.1(b) states that conferral is not required for a motion brought under Fed. R. Civ. P. 12. However, counsel for Ms. Wood conferred with counsel for Plaintiff regarding the substance of this motion. Counsel for Plaintiff maintains that Ms. Wood is a state actor and therefore subject to federal constitutional claims. It is Plaintiff's position that when a mental health provider provides services for a County jail

they are performing a traditional function of the state and are therefore state actors. Accordingly, Plaintiff opposes this Motion.

## I. INTRODUCTION

Plaintiff filed its original Complaint in this matter on March 21, 2018, [Doc. 1]. The Complaint contains a sole Claim for Relief, brought pursuant to 42 U.S.C. §1983 and claiming violation of the Fourteenth Amendment to the United States Constitution, is brought against Ms. Wood. [Complaint at pp.8-9].

The Complaint does not allege that Ms. Wood was employed by the State of Colorado. Instead, the Complaint premises its assertion that Ms. Wood was a state actor for purposes of 42 U.S.C. § 1983 on conclusory allegations that she acted under color of state law in her capacity as a mental health worker contracted to provide mental health services at the Summit County Jail. [Complaint at ¶ 10]. Because these conclusory allegations are insufficient to demonstrate state action on the part of Ms. Wood, the federal constitutional claim against her fails as a matter of law.

## II. APPLICABLE LAW

### A. Failure to State a Claim

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) serves as a test of the formal sufficiency of a plaintiff's complaint. *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832 (10th Cir. 2003). A complaint or counterclaim will survive a Rule 12(b)(6) motion to dismiss only if it "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must

construe all well-pled allegations of the complaint against the defendant and in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), the Court is not required to accept as true legal conclusions that are couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**B.     Claim for Relief Under 42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001) (quoting *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995)); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Hence, the only proper defendants to a Section 1983 action are those who represent the state in some capacity. A private party can only be considered a state actor for purposes of Section 1983 if that party's actions may be "fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation and citation omitted); *St. Stephen's Indian High Sch.*, 264 F.3d at 1305; *Wolotsky*, 960 F.2d at 1335. To determine whether a private party's conduct constitutes state action under Section 1983, the Tenth Circuit, in drawing from Supreme Court precedent, has endorsed four tests: (1) the "public function test"; (2) the "joint action test"; (3) the "nexus test"; and (4) the "symbiotic relationship test." *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013); *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

### III.   STATEMENT OF FACTS[1]

1. Plaintiff alleges Ms. Wood had seen Ms. Bickford on March 20, 2016, at a detox facility and signed an M1 hold after determining Ms. Bickford was suicidal. [Id. at ¶ 15].

2. Ms. Bickford was booked at Summit County jail on April 6, 2016. [Compl. at ¶ 15].

3. Ms. Wood, a mental health worker contracted to provide services at the Summit County jail, noted on a form that Ms. Bickford did not meet criteria for an M1 hold at that time, and that she was cleared for general population. [Id. at ¶¶ 10, 15].

4. On April 11, 2016, Ms. Bickford committed suicide in her jail cell. [Compl. at ¶ 23].

### IV.   ARGUMENT

Plaintiff claims that Ms. Wood infringed upon Ms. Bickford's Fourteenth Amendment right "not to be denied necessary medical care." (Compl., ¶ 41.) Plaintiff, however, fails to plead sufficient facts that Ms. Wood is a state actor, or that she was acting on behalf of the state when she made her notations on the referenced form. Therefore, Plaintiff fails to state a claim for relief that is plausible on its face, and the Section 1983 claim against Ms. Wood should be dismissed.

**Ms. Wood is not a state actor subject to liability under 42 U.S.C. § 1983.**

---

[1] These facts are taken from the Complaint and are accepted as true solely for purposes of this Motion to Dismiss. Ms. Wood reserves the right to dispute each of these facts in any future proceedings.

To successfully state a claim for relief under Section 1983, a plaintiff must first establish that the alleged deprivation of his constitutional right was committed under color of state law. *Sullivan*, 526 U.S. at 49-50. Plaintiff fails to state sufficient facts that Ms. Wood was acting on behalf of the state, or under color of state law, when completing the form.

**1. Ms. Wood was not carrying out a function exclusively reserved to the State.**

The "public function test" asks whether the "challenged action is a traditional and exclusive function of the state." *Wittner*, 720 F.3d at 777 (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 157-58 (1978)). Under this test, Ms. Wood's conduct may only be considered state action if she is carrying out a function that has traditionally been exclusively reserved to the state. *Gallagher*, 49 F.3d at 1456 (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). The Supreme Court, however, has identified only a few areas – including the administration of election of public officials, the operation of a company-owned town, and the management of a city park – to be public functions "exclusively reserved to the state." *See id.* (listing those Supreme Court decisions that determined those areas exclusively reserved to the state); *accord St. Stephen's Indian High Sch.*, 264 F.3d at 1308. Providing mental health services is not such a power that is traditionally and exclusively reserved to the state. *Wolotsky*, 960 F.2d. at 1335; *Gabbard v. First Tenn. Bank*, No. 3:05-CV-114, 2007 WL 2263082, *2 (E.D. Tenn. Aug. 2, 2007).

Plaintiff alleges no facts that Ms. Wood was carrying out a function exclusively reserved to the state, and thus, the Section 1983 claim fails under the "public function test."

**2. Ms. Wood was not a willful participant in joint action with the State and did not act in concert with the State to deprive Ms. Bickford. of her constitutional rights.**

Plaintiff's Section 1983 claim against Ms. Wood also fails under the "joint action test," which requires a showing that Ms. Wood was a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In particular, the "joint action test" considers whether "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Wittner*, 720 F.3d at 777 (citation omitted).

Plaintiff fails to allege any facts indicating that Ms. Wood acted in concert with anyone at all. Plaintiff only alleges that Ms. Wood wrote on a form and cleared Ms. Bickford for general population. [Compl. ¶ 15). *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient."); *Barnes v. Timmons*, No. 12-cv-01042-WJM-KMT, 2013 WL 950880, * 3 (D. Colo. March 12, 2013) (concluding that conclusory allegations of a conspiracy between a private individual and a state actor are not sufficient to bring a Section 1983 claim against a private individual).

**3. Ms. Wood was not a state actor because the State did not exert coercive power over her conduct.**

Another way to establish Ms. Wood as a state actor requires Plaintiff to "demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.'" *Gallagher*, 49 F.3d at 1448 (quoting *Jackson*, 419 U.S. at 351). Under the so-called "nexus test," "state action is present if the state has ordered the private conduct, or 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Brophy v. Ament*, CIV 07-0751 JB/KBM, 2009 WL 5206041, *10 (D.N.M. Nov. 20,

2009) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 993 (1982)); *see Wittner*, 720 F.3d at 775. A provider's treatment does not constitute action under color of state law when the ultimate treatment decision is made by the provider and not the State. *See Wittner*, 720 F.3d at 776. "Decisions that 'ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State' are not decisions we can fairly attribute to the state." *Mayhew v. West-Watt*, 2011 U.S. Dist. LEXIS 82825, *24 (D. Colo. May 9, 2011) (citation omitted). Plaintiff fails to allege facts that satisfy this test.

Ms. Wood is a private person, employed by a private mental health facility that runs independently of the State. Ms. Wood manages her own treatment of clients, and Plaintiff does not allege otherwise. Plaintiff makes no allegations whatsoever that the conduct of Ms. Wood was controlled by the State, or that the State directed any manner of the treatment. The mere fact that Ms. Bickford was treated by Ms. Wood does not establish a "sufficiently close nexus" between Ms. Wood and the State, such that she is deemed a state actor. *See Jackson*, 419 U.S. at 351. Federal jurisdictions around the country, including this Circuit, have already determined that the circumstances of this exact kind of medical treatment falls outside the scope of Section 1983. *See Wittner*, 720 F.3d at 776 (private doctor authorizing 72-hour involuntary mental health hold pursuant to Colorado's statutory scheme not state actor where state did not compel doctor to accept patient or to issue hold); *Pino v. Higgs*, 75 F.3d 1461, 1465-66 (10th Cir. 1996) (privately employed doctor who authorized short-term involuntary psychiatric hold at private hospital pursuant to state involuntary commitment scheme not a state actor because requisite level of coercive power not present); *Craig v. City of King City*, 2012 U.S. Dist. LEXIS 5096, *9-10 (N.D. Cal. Jan. 17, 2012) (private psychologist who performed fitness for duty

examination for police officer not a state actor where there were no allegations psychologist examined plaintiff under compulsion of state law or custom).

**4. Ms. Wood is not a state actor because the State did not so far insinuate itself into a position of interdependence with her.**

Finally, for Ms. Wood to be considered a state actor under the "symbiotic relationship" test, Plaintiff must show that "the state 'has so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Gallagher*, 49 F.3d at 1451 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). Plaintiff fails to allege a single fact to satisfy this test.

Plaintiff only asserts that Ms. Wood was a mental health worker contracted to provide services at the jail (Compl., ¶ 10), and that Defendants acted or failed to act under color of state law (Compl., ¶ 37). These conclusory allegations are unsupported by any specific facts, and as such, are insufficient to show that Ms. Wood was acting under color of state law. *See Beedle*, 422 F.3d at 1073; *Barnes*, 2013 WL 950880, *3. Moreover, a medical provider is not a state actor for purposes of Section 1983 despite there being a service contract between the state and the facility. *Edmonds v. Clements*, 896 F. Supp. 2d 960, 965 (D. Colo. 2012) ("The existence of a contract between the state and a private party is insufficient to demonstrate that the private entity is a state actor.").

Additionally, the United States Supreme Court and Tenth Circuit have held that extensive state regulation and the performance of a public function do not necessarily establish the kind of symbiotic relationship that is required to show state action under Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 842-43 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1010-11 (1982); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358 (1974); *Johnson v. Rodrigues*, 293 F.3d

1196, 1204 (10th Cir. 2002); *Gallagher*, 49 F.3d at 1451.

Here, Plaintiff does not allege anywhere in the Complaint that Ms. Wood had any kind of symbiotic relationship with the State, or any facts which qualify a relationship between Ms. Wood and the State whatsoever. Accordingly, Plaintiff fails to allege any facts showing that Ms. Wood is a state actor under Section 1983.

## V. CONCLUSION

The Complaint does not support the applicability of any of the four tests necessary to ground Section 1983 liability in the relationship between Ms. Wood and any state actor. Plaintiff bases the entire Section 1983 claim against Ms. Wood on the unsupported and conclusory allegation that Ms. Wood acted (or failed to act) under color of state law. Moreover, even with expanded allegations the factual basis of the relationship between Ms. Wood, the state, and the Plaintiff is insufficient as a matter of law to ground any legal liability under Section 1983. Therefore, the Complaint fails to state a claim upon which relief can be granted, and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, for good cause shown and the reasons stated herein, Defendant Danielle Wood respectfully requests and moves this Court to grant this Motion to Dismiss Plaintiff's Complaint, to Dismiss the Complaint against her with prejudice, for an award of her attorney's fees and costs in bringing this motion, and any such further relief the Court may deem just and proper.

Respectfully submitted this 17th day of May, 2018.

>*/s/ Robert J. Zavaglia, Jr.*
>Robert J. Zavaglia, Jr.
>Kathleen J. Johnson
>TREECE ALFREY MUSAT P.C.
>633 17th Street, Suite 2200
>Denver, Colorado 80202
>(303) 292-2700
>FAX: (303) 295-0414
>Email: zavaglia@tamlegal.com
>kjohnson@tamlegal.com
>*Attorneys for Defendant Danielle Wood*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2018, I served a true and correct copy of the foregoing **DEFENDANT DANIELLE WOOD'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Reid Robertson Allison, Esq. (email: rallison@kln-law.com)
David Arthur Lane, Esq. (email: dlane@kln-law.com)
*Attorneys for Plaintiff*

David James Goldfarb, Esq. (email: djg@bhgrlaw.com)
Josh Adam Marks, Esq. (email: jam@bhgrlaw.com)
*Attorneys for Defendants John Minor, Erik J. Bourgerie, and Golbert*

                                                 */s/ Victoria Reimche*
                                                 Victoria Reimche