IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  18-cv-00671-STV

JEFFREY W. HOCKENSMITH, its personal representative of
the Estate of Jacqueline Marie Bickford

       Plaintiff(s),

v.

SHERIFF JOHN MINOR, in his official and individual
capacities;
CAPTAIN ERIK J. BOURGERIE, in his individual capacity;
STAFF SERGEANT CHERYL GIORDANO, in her individual
capacity;
DEPUTY GILBERT, in his/her individual capacity;
DANIELLE WOOD, in her individual capacity;
DEPUTIES JOHN AND JANE DOES 1-10;

       Defendant(s).

_____

### DEFENDANTS MINOR, BOURGERIE, AND GILBERT'S ANSWER
_____

      Defendants Sheriff John Minor, Cpt. Erik J. Bourgerie, and Dpty. Cynthia Gilbert

(collectively "Defendants"), by and through their undersigned counsel Josh A. Marks

and David J. Goldfarb of Berg Hill Greenleaf Ruscitti, LLP, and pursuant to F.R.C.P. 8

and 12, hereby answer and respond to Plaintiff's Complaint (#1) as follows:

### INTRODUCTION

      Plaintiff provides an overview of Ms. Bickford's death in the section titled

"Introduction."  To the extent this paragraph can be construed as requiring a response,

these Defendants incorporate the more specific responses to the allegations set forth in

paragraphs 1-35.

## JURISDICTION AND VENUE

1.     These Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.     These Defendants admit the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and deny the remainder of the allegations contained in paragraph 2 of the Complaint.

3.     These Defendants admit the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore deny the same.

5.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore deny the same.

6.     These Defendants admit that John Minor is a citizen of the United States and resident of Colorado, but deny that he was responsible for supervising and/or training Defendant Wood or overseeing Mind Springs Health.  The balance of paragraph 6 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.   To the extent paragraph 6 is construed as requiring a response, however, these Defendants deny the same.

7.      These Defendants admit that Erik J. Bourgerie is a citizen of the United States and resident of Colorado.  The balance of paragraph 7 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.  To the extent paragraph 7 is construed as requiring a response, however, these Defendants deny the same.

8.      These Defendants admit that Cheryl Giordano is a citizen of the United States.  The balance of paragraph 8 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.  To the extent paragraph 8 is construed as requiring a response, however, these Defendants deny the same.

9.      These Defendants admit that Cynthia Gilbert is a citizen of the United States and resident of Colorado.  The balance of paragraph 9 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.  To the extent paragraph 9 is construed as requiring a response, however, these Defendants deny the same.

10.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore deny the same.

11.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore deny the same.

**FACTUAL ALLEGATIONS**

12.     These Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.     These Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     With regard to the allegations contained in paragraph 14 of the Complaint, these Defendants admit Ms. Bickford was taken to the Summit County Medical Center, but are without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore deny the same.

15.     With regard to the allegations contained in paragraph 15 of the Complaint, these Defendants admit that Ms. Bickford was booked into the Jail on April 6, 2016. These Defendants deny that Ms. Bickford told medical staff at the Jail, "If you take my kid away, I will kill myself" and further deny that Defendant Wood was a mental health worker at the Jail.   Moreover, Defendant Wood's comments, contained in the mental health form referenced in this paragraph, speak for themselves, and these Defendants deny these allegations to the extent they do not accurately recite the mental health form.   These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 15 of the Complaint, and therefore deny the same.

16.     With regard to the allegations contained in paragraph 16 of the Complaint, these Defendants admit Dpty. Gilbert filled out the intake questionnaire.  The remaining allegations are derived from the intake questionnaire, which speaks for itself, and these Defendants deny the remainder of the allegations contained in paragraph 16 of the Complaint to the extent they do not accurately recite the questionnaire.

17.     With regard to the allegations contained in paragraph 17 of the Complaint, these Defendants admit Ms. Bickford informed Dpty. Gilbert that she suffered from depression and anxiety.  These Defendants, however, deny that Ms. Bickford was admitted into the Jail after she communicated this information to Dpty. Gilbert.  The remaining allegations are derived from the intake questionnaire, which speaks for itself, and these Defendants deny the remainder of the allegations contained in paragraph 17 of the Complaint to the extent they do not accurately recite the questionnaire.

18.     With regard to the allegations contained in paragraph 18 of the Complaint, these Defendants state these allegations derive from a note created by Sgt. Ron Hochmuth on April 8, 2016 and nursing notes dated April 9 and 10, 2016, which all speak for themselves, and these Defendants deny the allegations contained in paragraph 18 of the Complaint concerning these notations to the extent they do not accurately recite the same.  These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 18 the Complaint, and therefore deny the same.

19.    With regard to the allegations contained in paragraph 19 of the Complaint, the allegations concerning the medication Ms. Bickford received between April 6 and 10, 2016 is derived from the nursing notes related to the administration of those medications.  These documents speak for themselves, and these Defendants deny the allegations in paragraph 19 of the Complaint to the extent it does not accurately recite those notes.

20.    The allegations in paragraph 20 of the Complaint relate to a restraining order Ms. Bickford claimed had been entered against her regarding her son.  This restraining order speaks for itself, and these Defendants deny the allegations in paragraph 20 of the Complaint to the extent they do not accurately recite the information contained in that restraining order.

21.    With regard to the allegations contained in paragraph 21 of the Complaint, these Defendants deny that Ms. Bickford experienced common symptoms of alcohol withdrawal.  The remaining allegations in paragraph 21 of the Complaint derive from Dpty. Janelle Moore's April 10, 2016 incident report, which speaks for itself, and these Defendants deny these allegations to the extent they do not accurately recite Dpty. Moore's April 10, 2016 incident report.

22.    With regard to the allegations contained in paragraph 22 of the Complaint, these Defendants deny that Ms. Bickford experienced symptoms of alcohol withdrawal. The remaining allegations in paragraph 22 of the Complaint derive from Dpty. Moore's April 10, 2016 incident report, which speaks for itself, and these Defendants deny these

allegations to the extent they do not accurately recite Dpty. Moore's April 10, 2016 incident report.

23.     These Defendants admit the allegation contained in paragraph 23 of the Complaint.

24.     These Defendants deny the allegation contained in paragraph 24 of the Complaint.

25.     These Defendants deny the allegation contained in paragraph 25 of the Complaint.

26.     These Defendants admit Zackary Moffitt was booked into the Jail with a blood alcohol level of almost .4, but deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint derive from a deposition Cpt. Bourgerie gave in *Estate of Zackary Moffitt v. John Minor et al.*, Civil Action No. 15-CV-00071-WYD-MJW filed in the United States District Court for the District of Colorado ("*Moffitt*").  The transcript of Cpt. Bourgerie's deposition speaks for itself, and these Defendants deny these allegations to the extent they do not accurately recite Cpt. Bourgerie's deposition testimony.

28.     These Defendants deny the allegation contained in paragraph 28 of the Complaint.

29.     These Defendants admit the allegation contained in paragraph 29 of the Complaint.

30.     These Defendants admit that orders were issued to keep the two inmates away from each other, but they deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     These Defendants deny the allegation contained in paragraph 31 of the Complaint.

32.     These Defendants admit *James Durkee v. Jamie Fitzsimons et al.*, Civil Action No. 14-CV-00745-WYD-MJW filed in the United States District Court for the District of Colorado resulted in a deadlocked jury before the Honorable Judge Wiley Y. Daniel." These Defendants further admit Mr. Durkee received a settlement in the amount of $200,000, but deny the remaining allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 33 of the Complaint derive from a deposition Dpty. Giordano gave in *Moffitt.* The transcript of Dpty. Giordano's deposition speaks for itself, and these Defendants deny these allegations to the extent they do not accurately recite Dpty. Giordano's deposition testimony.

34.     The allegations contained in paragraph 34 of the Complaint derive from a deposition Dpty. Lambert gave in *Moffitt.* The transcript of Dpty. Lambert's deposition speaks for itself, and these Defendants deny these allegations to the extent they do not accurately recite Dpty. Lambert's deposition testimony.

35.     These Defendants deny the allegation contained in paragraph 35 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (§ 1983 – Fourteenth Amendment Failure to Provide Medical Care and Treatment, Against ALL Defendants in the individual capacity and Defendant Minor in his official capacity)

36.     These Defendants incorporate the allegations contained in paragraphs 1-35 above in response to paragraph 36 of the Complaint.

37.     These Defendants are without sufficient information or knowledge to admit or deny the allegations of paragraph 37 the Complaint, and therefore deny the same.

38.     Paragraph 38 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.  To the extent paragraph 38 is construed as requiring a response, however, these Defendants deny the same.

39.     Paragraph 39 of the Complaint does not include sufficient factual detail for these Defendants to provide a response.  As a result, these Defendants are without sufficient information or knowledge to admit or deny the allegations of paragraph 39 of the Complaint, and therefore deny the same.

40.     These Defendants deny the allegation contained in paragraph 40 of the Complaint.

41.     These Defendants deny the allegation contained in paragraph 41 of the Complaint.

42.     These Defendants deny the allegation contained in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint does not include sufficient factual detail for these Defendants to provide a response.  As a result, these Defendants are without sufficient information or knowledge to admit or deny the allegations of paragraph 43 of the Complaint, and therefore deny the same.

44.     These Defendants deny the allegation contained in paragraph 44 of the Complaint.

45.     These Defendants deny the allegation contained in paragraph 45 of the Complaint.

46.     These Defendants deny the allegation contained in paragraph 46 of the Complaint.

47.     These Defendants deny the allegation contained in paragraph 47 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (§ 1983 – Fourteenth Amendment Supervisory Liability for Failure to Train and Supervise, Against Defendant Minor in his official and individual capacities)

48.     These Defendants incorporate the allegations contained in paragraphs 1-47 above in response to paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint consists of legal conclusions to which no response from these Defendants are required or provided.  To the extent paragraph 49 is construed as requiring a response, however, these Defendants deny the same.

50.     These Defendants deny the allegation contained in paragraph 50 of the Complaint.

51.     These Defendants deny the allegation contained in paragraph 51 of the Complaint.

52.     These Defendants deny the allegation contained in paragraph 52 of the Complaint.

53.     These Defendants deny the allegation contained in paragraph 53 of the Complaint.

54.     These Defendants deny the allegation contained in paragraph 54 of the Complaint.

55.     These Defendants deny any allegation not specifically or sufficiently addressed in paragraphs 1-54 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim as to which any relief may be granted against these Defendants.

2.     These Defendants, in their individual capacities, are entitled to qualified immunity with respect to all of Plaintiff's claims.

3.     Plaintiff's claims against some or all of these Defendants are barred, in whole or in part, by a lack of personal participation.

4.      Plaintiff's injuries and damages, if any, were proximately caused by her own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom these Defendants possessed no ability to control or right of control.

5.      Plaintiff's claim for injunctive/equitable relief is moot.

6.      The Prison Reform Act, 42 U.S.C. § 1997e(d), governs any monetary judgment and/or any award of attorney fees ordered pursuant to 42 U.S.C. § 1988.

7.      These Defendants incorporate by this reference all applicable affirmative defenses and defenses asserted by any other Defendant in this action.

8.      These Defendants reserve the right to add additional affirmative defenses as they become known through disclosure or discovery.

**DEFENDANTS MINOR, BOURGERIE, AND GILBERT DEMAND A TRIAL BY JURY ON ALL ISSUES TO TRIABLE.**

Respectfully submitted this 4th day of June, 2018.

*s/ Josh A. Marks*

_____
Josh A. Marks
David J. Goldfarb
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO  80302
Phone:  (303) 402-1600
Fax:  (303) 402-1601
Email:  jam@bhgrlaw.com
            djg@bhgrlaw.com

*Attorneys for Defendants Minor, Bourgerie, and Gilbert*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2018, I electronically filed the foregoing **DEFENDANTS MINOR, BOURGERIE, AND GILBERT'S ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202
dlane@kln-law.com

*s/ Cheryl Stasiak*
_____
Cheryl Stasiak