# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00671-STV

JEFFREY W. HOCKENSMITH, as personal representative of the
ESTATE OF JACQUELINE MARIE BICKFORD,

Plaintiff,

v.

JOHN MINOR,
ERIK J. BOURGERIE,
CHERYL GIORDANO,
GILBERT,
DANIELLE WOOD, and
JOHN AND JANE DOES 1-10,

Defendants.

---

### DEFENDANT DANIELLE WOOD'S REPLY IN SUPPORT OF
### MOTION TO DISMISS

---

Defendant Danielle Wood ("Ms. Wood"), by and through counsel Treece Alfrey Musat, P.C., hereby moves to dismiss the sole claim against her in this matter pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

### I.  RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

1. Plaintiff incorrectly alleges in its Response that the Complaint states that Ms. Wood examined Ms. Bickford. Resp. p. 2 (Docket no. 18), citing Compl. at ¶ 15 (Docket no. 1).

2. The factual allegations against Ms. Wood are that she noted on a form that Ms. Bickford did not meet criteria for an M1 hold at that time, and that she was cleared for

general population. Compl. at ¶¶ 10, 15 (Docket no. 1).

3. There are no specific factual allegations made against Ms. Wood that she improperly withheld or denied any medical services.

4. There are no allegations that Plaintiff should have qualified for an involuntary hold or that she should not have been cleared for general population.

5. There are no allegations that Plaintiff had a constitutional right to be placed under an involuntary hold or to not be cleared for general population.

6. There are no allegations that Plaintiff could not have received medical care while in general population.

7. There are no allegations that Ms. Wood refused to provide Plaintiff with medications.

## II. ARGUMENT

### A. Plaintiff's argument that Ms. Wood is a state actor because she performed a public function is unsupported by the pleadings.

Plaintiff's sole argument is that providing medical services to inmates constitutes state action, whether or not the provider is a private individual. *See* Resp. pp. 4-7 (Docket no. 18). Specifically, Plaintiff states: "In sum, regardless of her status as a private employee of Mind Springs, Defendant Wood performed the traditional state function of providing medical care to Ms. Bickford at the Summit County Jail." *Id.* However, Plaintiff's legal argument ignores the application of the law to the pleaded facts before the Court for consideration in that Plaintiff's Complaint is completely devoid of any factual allegation that Ms. Wood actually provided medical care to Plaintiff. Simple notations on a form are not sufficient to allege that Ms. Wood provided, or denied, any medical care to Plaintiff.

Plaintiff claims that Ms. Wood infringed upon Ms. Bickford's Fourteenth Amendment right "not to be denied necessary medical care." Compl. ¶ 41 (Docket no. 1). Plaintiff fails to plead sufficient facts that Ms. Wood's notations on the referenced form denied her necessary medical care. "A defendant cannot be liable under § 1983 unless personally involved in the deprivation [of rights]. The complaint must allege an affirmative link between the alleged constitutional violation and the specific individual's participation in that violation." *Mares v. LePage*, No. 16-CV-03082-RBJ-NYW, 2017 WL 3836042, at *3 (D. Colo. Aug. 31, 2017), citing *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) and *Stidham v. Peace Officer Standards and Training,* 265 F.3d 1144, 1156-57 (10th Cir. 2001). The Complaint alleges no affirmative link between Ms. Wood's specific actions and Plaintiff's alleged denial of medical care; taken in the light most favorable to Plaintiff, the allegations against Ms. Wood are procedural in nature as to the facility's process of identifying an inmate's cell.

Plaintiff did not allege that this form prevented her from receiving medical care. Rather, two days after the notations by Ms. Wood were made, Plaintiff states she actually received medical care by seeing a jail nurse for stress. Compl. ¶ 18 (Docket no. 1). Plaintiff alleges that the jail indicated it would make an appointment for her to obtain medication. *Id*. Plaintiff does not allege that Ms. Wood denied her any medications or medical treatment.

Additionally, Plaintiff did not plead Ms. Wood's filling out the referenced form were traditional and exclusive functions of the state. There are no factual allegations in the Complaint specific to this case that establish Ms. Wood performed any public function whatsoever. By only alleging that Ms. Wood wrote on a form and cleared Ms. Bickford for general population, the Section 1983 claim fails under the "public function test."

### B. Plaintiff's Complaint does not allege Ms. Wood qualifies as state actor because she was performing a public function.

Plaintiff only asserts that Ms. Wood was a mental health worker contracted to provide services at the jail (Compl. ¶ 10, Docket no. 1), and that all Defendants acted or failed to act under color of state law (*Id.* ¶ 37). These conclusory allegations are unsupported by any specific facts, and as such, are insufficient to show that Ms. Wood was acting under color of state law. *See Edmonds v. Clements*, 896 F. Supp. 2d 960, 965 (D. Colo. 2012) ("The existence of a contract between the state and a private party is insufficient to demonstrate that the private entity is a state actor . . . A private entity which has a service contract with the state can be a state actor but only if the private entity or party performs the contract with the co-objective of violating the individual's rights.") There are no facts beyond the existence of a contract pleaded, and no allegations that Ms. Wood deviated in any way from how she would have performed similar services for any private or public client.

Plaintiff's broad generalizations that all Defendants deprived her of constitutional rights are likewise insufficient. Because Plaintiff made no further distinction as to what acts were attributable to Ms. Wood, it is impossible for any defendant to ascertain what particular unconstitutional acts they are alleged to have committed. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). *See also Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (noting in the context of § 1983 actions stating that "[t]o provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of each defendant"). Any generalized allegations in the Complaint summarily alleged against all Defendants provide no basis for liability under § 1983.

Plaintiff failed to plead, or even plausibly suggest by implication in the pleadings, that Ms. Wood was acting under color of state law under any test recognized by the Tenth Circuit. Because a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do[,]" *see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)*, Plaintiff's claim against Ms. Wood should be dismissed.

### III. CONCLUSION

Plaintiff bases the entire Section 1983 claim against Ms. Wood on the unsupported and conclusory allegation that Ms. Wood acted (or failed to act) under color of state law, which is insufficient as a matter of law to state a claim against Ms. Wood on which relief can be granted. Therefore, the Complaint against Ms. Wood should be dismissed with prejudice under FED. R. CIV. P. 12(b)(6).

WHEREFORE, for good cause shown and the reasons stated herein, Defendant Danielle Wood respectfully requests and moves this Court to grant this Motion to Dismiss Plaintiff's Complaint, to Dismiss the Complaint against her with prejudice, for an award of her attorney's fees and costs in bringing this motion, and any such further relief the Court may deem just and proper.

Respectfully submitted this 21st day of June, 2018.

                                                            s/ Kathleen J. Johnson
Robert J. Zavaglia, Jr.
Kathleen J. Johnson
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
(303) 292-2700
FAX: (303) 295-0414
Email: zavaglia@tamlegal.com
kjohnson@tamlegal.com
*Attorneys for Defendant Danielle Wood*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2018, I served a true and correct copy of the foregoing **DEFENDANT DANIELLE WOOD'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Reid Robertson Allison, Esq. (email: rallison@kln-law.com)
David Arthur Lane, Esq. (email: dlane@kln-law.com)
*Attorneys for Plaintiff*

David James Goldfarb, Esq. (email: djg@bhgrlaw.com)
Josh Adam Marks, Esq. (email: jam@bhgrlaw.com)
*Attorneys for Defendants John Minor, Erik J. Bourgerie, and Golbert*

                                        */s/ Roberta Musser*
                                        Roberta Musser